UNION BANK
*v.*
SMITH.

| 3 | 149 |
| 44 | 472 |

## RYDER *v.* THAYER et al.

Where an agent fails to ship goods, which he was directed by his principal to do, the latter is entitled to recover the actual value of the goods at the port of destination.

In cases of breach of contract through negligence or fraud, no more can be recovered as damages than will fully indemnify the creditor. A jury has no more right to exact a larger sum from a debtor, than they have to increase the amount due by a promissory note.

Decisions in *Arrowsmith* v. *Gordon*, ante p. 105, and in *Porter* v. *Barrow*, ante p. 140, affirmed.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *T. R. Wolfe*, for the plaintiff. *J. Barker*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, residing at Alton, in the State of Illinois, in March, shipped from St. Louis, a quantity of grain, consigned to the defendants, who are commission merchants in New Orleans, with instructions to forward the same to *Hawes, Godfrey & Co.* in New York. By the bill of lading the consignment was deliverable at the defendants' warehouse on the opposite side of the river; the defendants received it on this side, and sold it in direct violation of their instructions. The plaintiff received the proceeds of the sale, but gave notice, on having intelligence of the sale, that he would hold them responsible for the act. This suit is for the recovery of $1,000 damages, for the unwarrantable violation of the plaintiff's orders in the disposition of his property, for which sum there was a verdict and judgment thereon. The defendants have appealed.

The counsel for the defendants contends that, if his clients, under the evidence, are liable for damages, they must be limited to the loss sustained by the plaintiff, and to the profits of which he has been deprived, and the indemnity must be confined to those which might have been foreseen and were the immediate and direct consequence of the breach of the contract, under article 1928 of the Civil Code.

The reasons given by the defendants for selling the grain consigned to them to be forwarded to its ultimate place of destination, are not satisfactory; but it brought the market price, which declined immediately thereafter, and the proceeds were remitted to the plaintiff's consignees and correspondents in New York. We think the evidence authorizes the conclusion that, at the time of

RYDER
*v.*
THAYER.

the arrival of the shipment in New York in the ordinary course of a voyage, had it been disposed of, or within a reasonable time thereafter, it would not have produced a nett sum exceeding that remitted as the proceeds of the sale in New Orleans. No commission was charged by the defendants, and the shipment, so far as the grain is concerned, could have been replaced in New York without loss. We infer from the letters of the defendants offerred in evidence by the plaintiff, that another shipment of grain belonging to him was forwarded at about the same time from this port to New York, of the result of which as to profit or loss we have no evidence.

But the counsel for the plaintiff has urged that the jury was justified in assessing exemplary damages, the dereliction of duty on the part of the agents being flagrant and without justification. We do not consider this position as tenable. The rules under which damages are assessed for breaches of contract are fixed by our Code, and are imperative. We have on several occasions been under the necessity of reducing the amounts of verdicts of juries in cases of this kind; and, in a recent case, the subject of the assessment of damages has been fully considered, and our views in relation to it explained. *Arrowsmith* v. *Gordon et al.*, ante p. 105. See also *Porter* v. *Barrow*, ante p. 140. In relation to the extent of the responsibility of the agent to his principal, the most approved authority, judge Story, recognizes the same rules. In case of non-shipment of goods by an agent, which he was bound to make, the principal is entitled to recover the actual value of the goods at the port of destination. 3 Peters R. 84 and 85. Story on Agency, § 216 *et seq.* To the market value of the grain in New York, the evidence and argument have been principally directed. There is evidence as to some items which, under the verdict of the jury, we feel ourselves authorised to give the plaintiff the benefit of. In case of a breach of contract by the negligence or fraud of a party, no other sum can be allowed as damages than that which fully indemnifies the creditor. Beyond this juries have no more right to exact a larger sum from a debtor, than they have to increase the amount due by a promissory note. Within this limit, on questions of fact, we have always given great weight to verdicts. We think the jury in this case has allowed the plaintiff an amount which exceeds the fair indemnity which he has a right to claim from the defendants for a violation of his instructions, and which will be fully covered by the sum of $250.

The judgment appealed from is therefore reversed, and judgment entered in favor of the plaintiff, against the defendants, for two hundred and fifty dollars, with costs and interest from judicial demand; the plaintiff paying the costs of this appeal.